# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS, a Connecticut corporation, | ) ) ) ) |
| Plaintiff, | ) |
|  | ) **00C 2202** |
| v. | ) ) **JUDGE GOTTSCHALL** |
| MIDLAND LOGISTICS, INC., an Illinois corporation; and JAMES GENTILE; an individual, | ) ) ) **MAGISTRATE JUDGE LEVIN** ) ) |
| Defendant. | ) **JURY DEMANDED** |

**No. 2202**

*DOCKETED APR 1 2 2000*

*FILED-E04 00 APR 11 AM 10:33 U.S. DIST. COURT*

## COMPLAINT

Plaintiff THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS ("Travelers"), by its attorneys Royal B. Martin, William G. Sullivan, Robert S. Grabemann and Martin, Brown & Sullivan, Ltd., for its Complaint against defendants MIDLAND LOGISTICS, INC. ("Midland Logistics") and JAMES GENTILE ("Gentile") alleges as follows:

### Nature of the Case

1.      This action arises out of defendants' scheme to defraud Travelers out of over $125,000 by obtaining workers compensation insurance for less than the proper premium amount. In furtherance of their scheme to defraud, defendants Midland Logistics and Gentile knowingly and intentionally misrepresented to Travelers the nature and extent of Midland Logistics' operations, its relationship to other entities and the number of its employees.  In justifiable reliance on defendants' misrepresentations, Travelers provided assigned risk workers compensation insurance coverage to Midland Logistics at less than the proper premium amount.  Based on these facts, Travelers brings

this action for breach of contract against Midland Logistics and for fraud against Midland Logistics and Gentile.

**Parties**

2.      Plaintiff Travelers is a corporation organized under the laws of the State of Connecticut with its principal place of business located in Hartford, Connecticut.  Travelers is a citizen of the State of Connecticut.  Travelers is engaged in the business of providing workers compensation and other insurance.

3.      Defendant Midland Logistics is a corporation organized under the laws of the State of Illinois with its principal place of business located at 2100 West 32nd Street, Chicago, Illinois 60608.  Midland Logistics is a citizen of the State of Illinois.  Midland Logistics is engaged in the warehouse, trucking and freight forwarding businesses.

4.      Defendant Gentile is an individual.  On information and belief, Gentile is a citizen of the State of Illinois.  Gentile is the owner, president and secretary of Midland Logistics.

**Jurisdiction and Venue**

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that this is an action between citizens of different states where the matter in controversy exceeds the amount of $75,000 exclusive of interest and costs.

6.      Venue of this action is proper in this judicial district pursuant to 28 U.S.C. §1391(a) in that the defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

2

## Factual Allegations Common to All Counts

7.    On or about January 13, 1998, Midland Logistics and Gentile caused an application to be submitted to the National Council on Compensation Insurance, Inc. ("NCCI") for assigned risk workers compensation insurance coverage (the "application"). Under applicable industry rules, once an employer is unable to obtain workers compensation insurance voluntarily, it may seek coverage in the "involuntary market." In such cases, the employer submits an application for insurance to the NCCI which in turn randomly assigns the employer to an insurance company in the assigned risk plan. In this case, Midland Logistics submitted its application to the NCCI which in turn assigned it to Travelers. The application submitted to the NCCI and in turn to Travelers was prepared on behalf of Midland Logistics only, and no other related or affiliated companies. The application was signed by Gentile. A copy of the application is attached hereto as Exhibit A.

8.    In the application Midland Logistics and Gentile represented that Midland Logistics was a new business providing freight forwarding services. Midland Logistics and Gentile further represented that Midland Logistics was not related through common management or ownership to any other entity. Midland Logistics and Gentile further represented that Midland Logistics had two employees performing clerical functions at a total payroll of $35,000. Midland Logistics and Gentile estimated that Midland Logistics total annual premium for workers compensation insurance was $326.00.

9.    In or about late January, 1998, Travelers was assigned as the servicing carrier for Midland Logistics assigned risk workers compensation insurance policy. Travelers then issued its workers compensation insurance policy number 6JUB 377X329698 to Midland Logistics effective January 27, 1998. In reliance on the information contained in the application, Travelers accepted

3

Midland Logistics $326.00 payment as the correct estimated premium amount. The policy provided Midland Logistics with workers compensation insurance coverage from January 27, 1998 through January 27, 1999. A copy of the policy is attached as Exhibit B.

10. The statements contained in the application referred to in paragraph 8 were false. In truth and in fact, and contrary to the representations contained in the application, Midland Logistics was related to several other companies through common management or ownership at the time that the application was prepared and submitted to Travelers. Furthermore, Midland Logistics had more than two employees, and the additional employees performed other than clerical functions. As a result, Travelers was covering a much larger operation than was disclosed to it on the application. The premium that Travelers accepted from Midland Logistics in reliance on the false information that Travelers was provided by Midland Logistics and Gentile was therefore much less than the premium it was entitled to receive for the coverage it was providing.

11. Pursuant to the terms of its contract of insurance with Travelers, Midland Logistics was to allow Travelers to audit its books and records and to perform inspections of its operations to determine the proper amount of premiums actually due it. Despite several requests, Midland Logistics and Gentile failed to allow Travelers the opportunity to audit Midland Logistics records or inspect its operations.

12. On or about November 20, 1998 a mechanic named Enrique Ponce was injured when he was struck by a forklift which pinned him against another forklift on which he was working. Following his injury, Midland Logistics and Gentile submitted an injury claim to Travelers which represented that Mr. Ponce was an employee of Midland Logistics at the time of his injury. Travelers

4

has been paying Mr. Ponce benefits under the claim which to date have amounted to in excess of $68,000.

13.    Travelers renewed the Midland Logistics' policy effective January 27, 1999 through January 27, 2000.  A copy of the renewal policy is attached as Exhibit C.  Travelers canceled the policy, however, effective June 15, 1999 because of Midland Logistics' failure to respond to an inquiry regarding its potential relationship to other entities.

## COUNT I
### (Breach of Contract)

14.    Travelers realleges paragraphs 1 through 13 as though fully set forth herein.

15.    The policies for workers compensation insurance issued by Travelers to Midland Logistics constitute contracts for the provision of workers compensation insurance.

16.    In consideration of the proper premium payments to be made by Midland Logistics, Travelers provided workers compensation insurance coverage to Midland Logistics for the period January 27, 1998 to June 15, 1999.

17.    During that time period, and thereafter, Midland Logistics was contractually obligated to pay Travelers the proper premiums that it was due based on the nature and extent of the operations Travelers was actually insuring.  Midland Logistics was further obligated under its contracts of insurance with Travelers to allow Travelers to inspect its operations and audit its books and records so that Travelers could determine the proper premium amounts due it.  The records that Travelers was entitled to examine include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records.

18.     Travelers made several requests to inspect Midland Logistics operations and to conduct an audit of its records.  Despite its obligation to allow Travelers to conduct an inspection and to audit its records, Midland Logistics refused, and continues to refuse, to permit any inspection of its operations or audit of its records.

19.     In addition, Midland Logistics has failed to pay Travelers the proper premium amounts that it is due under its contracts of insurance with Midland Logistics.  Midland Logistics failed to disclose the full extent of its operations as well as its relationship to other companies through common ownership or management.

20.     As a result of Midland Logistics material breaches of its contractual obligations, Travelers has suffered damages in an amount not less than $125,000.

21.     Travelers is entitled to prejudgment interest on the amounts due it from Midland Logistics.

WHEREFORE, Travelers prays for the following relief against defendant Midland Logistics:

a.     judgment in its favor in an amount of not less than $125,000;

b.     prejudgment interest;

c.     its costs; and

d.     such further relief as the Court may deem appropriate.

## Count II
### (Fraud)

22.     Travelers realleges paragraphs 1 through 21 as though fully set forth herein.

23.    Defendants Midland Logistics and Gentile made the following representations to Travelers in the application for workers compensation insurance and thereafter in the submission of other documents to Travelers:

      a.    that Midland Logistics was not related through common management or ownership to any other entity;

      b.    that Midland Logistics had only two clerical employees who together were to be paid $35,000 annually; and

      c.    that Midland Logistics' operations included only freight forwarding.

24.    The representations set out above were materially false. In truth and in fact, and contrary to the representations set out in paragraph 23:

      a.    Midland Logistics was related to several other companies through common management or ownership including some or all of the following: Stellman Direct, Inc., Midland Direct, Inc., U.S. Mail Direct, Inc., GTLC Transportation, Inc., Midland Transportation Group, Inc., Stellman, Inc., Stellman Services, Inc., Midland Limousine Service and Angel Coach Limousine, Inc. At the time the application was prepared, Gentile was an officer and/or owner of most, if not all, of these companies;

      b.    Midland Logistics had more than two employees, and Travelers was providing workers compensation insurance coverage for a much larger operation than was disclosed to it in the application. Furthermore, the additional employees that Travelers was insuring included other than clerical workers. In or about November, 1998 Midland Logistics and Gentile submitted an injury claim to Travelers for an employee who was injured while working on a forklift; and

      c.    Midland Logistics' operations also included warehouse and trucking services in addition to freight forwarding services.

25.    On or about November 4, 1998, Midland Logistics and Gentile sent a letter to Travelers which falsely represented that Gentile had no ownership interest in any other company with the name "Midland" in it. In truth and in fact, Gentile also had an ownership interest in Midland Transportation Group, Inc. and/or Midland Transportation Inc.

7

26.     Defendants Midland Logistics and Gentile knew that the statements contained in the application and the November 4, 1998 letter were false. These defendants intended that Travelers rely on the false statements in order to further their scheme to obtain workers compensation insurance at less than the proper premium amount.

27.     Travelers relied on the false statements to its detriment in issuing workers compensation insurance to Midland Logistics in return for premium payments that were far less than what Travelers would otherwise been entitled to receive had it been given complete and truthful information.

28.     As a result of Midland Logistics and Gentile's fraudulent conduct, Travelers has been damaged in an amount of not less $125,000.

29.     As a result of Midland Logistics and Gentile's egregious conduct, Travelers is entitled to an award of punitive damages.

WHEREFORE, Travelers prays for the following relief against defendants Midland Logistics and Gentile;

a.      judgment in its favor for compensatory damages in an amount of not less than $125,000;

b.      punitive damages in the amount of $375,000;

c.      its costs; and

d.      such further relief as the Court may deem appropriate.

Plaintiff demands a trial by jury.

8

Respectfully submitted,

THE TRAVELERS INDEMNITY COMPANY
OF ILLINOIS

By: _____
            One of Its Attorneys

Royal B. Martin, Esq.
William G. Sullivan, Esq.
Robert S. Grabemann, Esq.
MARTIN, BROWN & SULLIVAN, LTD.
321 South Plymouth Court
10th Floor
Chicago, Illinois 60604
(312) 360-5000

C:\OFFICE\WPWIN\WPDOCS\CLIENTS\646\006\PLEADING\COMPLAIN.WPD

9

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**00C 2202**

**DOCKETED**

**APR 12 2000**

## I (a) PLAINTIFFS

The Travelers Indemnity Co.
of Illinois

*Cert.*

## DEFENDANTS

Midland Logistics, Inc.
and
James Gentile

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Hartford, CT
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Martin, Brown & Sullivan, Ltd.
321 S. Plymouth Court, 10th Floor
Chicago, IL 60604
(312) 360-5000

ATTORNEYS (IF KNOWN)

*JUDGE GOTTSCHALL*

*MAGISTRATE JUDGE LEVIN*

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Claim for fraud and breach of contract for failure to pay workers compensation insurance premiums. Diversity Jurisdiction 28 U.S.C. Section 1332

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury– Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury– Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Restrained or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $
125,000

Check Yes only if demanded in complaint:
JURY DEMAND ☒ YES ☐ NO

## VIII. REMARKS

General Rule 2.21D(2) this case

In response to ☒ is not a refiling of a previously dismissed action
☐ is a refiling of case number _____ of Judge _____

DATE
April 10, 2000

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**In the Matter of:**

The Travelers Indemnity Company of Illinois

v.

Midland Logistics, Inc.

Case Number: **00C 2202**

DOCKETED
APR 12 2000

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**

JUDGE GOTTSCHALL

The Travelers Indemnity Company of Illinois

MAGISTRATE JUDGE LEVIN

| (A) | (B) |
|---|---|
| Signature _Royal B. Martin_ | Signature _William G. Sullivan_ |
| Name    Royal B. Martin, Esq. | Name    William G. Sullivan, Esq. |
| Firm    Martin, Brown & Sullivan, Ltd. | Firm    Martin, Brown & Sullivan, Ltd. |
| Street Address    321 S. Plymouth Court, 10th Floor | Street Address    321 S. Plymouth Court, 10th Floor |
| City/State/Zip    Chicago, IL 60604 | City/State/Zip    Chicago, IL 60604 |
| Telephone Number    (312) 360-5000 | Telephone Number    (312) 360-5000 |
| Identification Number (see item 4 on reverse)   01782797 | Identification Number (see item 4 on reverse)   02773538 |
| Member of Trial Bar?    Yes ☒    No ☐ | Member of Trial Bar?    Yes ☒    No ☐ |
| Trial Attorney?    Yes ☒    No ☐ | Trial Attorney?    Yes ☒    No ☐ |
|  | Designated as Local Counsel?    Yes ☐    No ☒ |
| **(C)** | **(D)** |
| Signature _Robert S. Grabemann_ | Signature |
| Name    Robert S. Grabemann, Esq. | Name |
| Firm    Martin, Brown & Sullivan, Ltd. | Firm |
| Street Address    321 S. Plymouth Court, 10th Floor | Street Address |
| City/State/Zip    Chicago, IL 60604 | City/State/Zip |
| Telephone Number    (312) 360-5000 | Telephone Number |
| Identification Number (see item 4 on reverse)   06194226 | Identification Number (see item 4 on reverse) |
| Member of Trial Bar?    Yes ☐    No ☒ | Member of Trial Bar?    Yes ☐    No ☐ |
| Trial Attorney?    Yes ☒    No ☐ | Trial Attorney?    Yes ☐    No ☐ |
| Designated as Local Counsel?    Yes ☐    No ☒ | Designated as Local Counsel?    Yes ☐    No ☐ |

**PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTION ON REVERSE.**

